Brent H. Blakely (SBN 157292)
brentblakely@blakelylawgroup.com
Courtney L. Stuart-Alban (SBN 225513)
cstuartalban@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiff*
*Chrome Hearts, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHROME HEARTS, LLC, a Delaware Limited Liability Company,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SWEET PEOPLE APPAREL, INC., a California Corporation d/b/a MISS ME; THE BUCKLE, INC., a Nebraska Corporation; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants.<br><br>SWEET PEOPLE APPAREL, INC., a California Corporation d/b/a MISS ME; THE BUCKLE, INC., a Nebraska Corporation; and DOES 1-10, inclusive<br>　　　　　　Defendant/Counterclaimant<br><br>vs.<br><br>CHROME HEARTS, LLC, a Delaware Limited Liability Company,<br><br>　　　　　　Plaintiffs/Counter-Defendant. | CASE NO. CV-10-10055 RGK (AGRx)<br><br>**STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF DOCUMENTS OR INFORMATION**<br><br>Complaint Filed: October 7, 2010<br>Trial Date: June 14, 2011 |

In connection with the production of confidential documents and other confidential information in this action, the parties, through their respective counsel, hereby enter into this Stipulated Protective Order for Confidential Treatment of Documents or Information (the "Stipulated Protective Order").

**STATEMENT OF GOOD CAUSE:** This action involves claims for, among other things, copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and trademark and trade dress infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1053, *et. seq.*, and common law trademark infringement and unfair competition under California law. The parties, who are variously designers, manufacturers, vendors, and retailers of jeanswear and other casual apparel items, are direct and/or indirect competitors of each other. A primary element of this case is related to Plaintiff's claim that because of Defendants' alleged wrongful acts, Plaintiff has lost substantial business relating to its copyrighted and trademarked designs. The parties therefore recognize that extensive discovery requesting information from the parties, their vendors, customers and clients, including financial information, market information and other commercially and competitively sensitive information may be necessary to prove and/or disprove Plaintiff's claims and Defendants' defenses thereto. There will also be numerous depositions of the parties' employees or agents and third party vendors, customers or clients and such persons will likely be asked to answer questions on these potentially sensitive subject areas. The parties will likely be placed at a competitive or economic disadvantage if such confidential and/or proprietary information is disclosed to other parties and/or the public at large. This protective order ("Protective Order" or "Order") is therefore necessary to avoid any prejudice or harm in the form of loss of competitive advantage which would likely result if such information was disclosed in the absence of the protections set forth herein. This Order is also necessary for the orderly management of this litigation. Without this Order, the exchange of party information, as well as information needed from third

parties, including most importantly the parties' vendors, customers or clients may become logistically very difficult, time consuming and expensive.

**A.     Definition of "Confidential Information" and "Confidential - Attorneys' Eyes Only"**

1.     "Confidential Information," as used herein, means all information in whatever form, such as oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence that:

a.     is protected as a "Trade Secret" under the Uniform Trade Secrets Act, California Civil Code section 3426, et. seq., as defined at section 3426.1(d): "[I]nformation, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstance to maintain its secrecy"; or

b.     is otherwise regarded by a party as being confidential, private, or proprietary in nature, including for example personal and private information regarding individuals such as personnel records; and

c.     as illustrative examples only, the parties anticipate that the following descriptive categories will be designated as Confidential Information under this Order, including, but not limited to, employee records and information, customer lists, confidential financial information of the parties, including profit margins, sales data, profits, and retail sales summaries, vendor lists, order summaries, confidential contracts, and proprietary fabric/style specifications and unpublished designs.

2.     "Confidential - Attorneys Eyes Only" as used herein, means Confidential Information that consists of Trade Secrets as defined in the California Trade Secrets Act and are (1) current business plans; (2) sales and financial projections; (3) sales and cost information; and (4) customer lists.

3. Confidential Information is unlimited in kind or form and includes, by way of example only and without limitation thereto, information relating to the following: any products, designs, specifications, tests, plans, studies, surveys, manufacture, distribution, marketing, promotion, advertisement, sales, opportunities, vendors, customers, financial matters, costs, sources, prices, profits, research, development, analysis, know-how, show-how, personnel, strategies, or competition.

**B. Production of Confidential Information**

1. All efforts by any party or witness in this matter to designate any information as "Confidential" or "Confidential-Attorneys' Eyes Only" shall be governed by the terms of this Order. The party by whom any disclosure is made is the "Disclosing Party" and the party to whom any disclosure is made is the "Receiving Party." By receiving any property designated as "Confidential" or "Confidential-Attorneys' Eyes Only," the Receiving Party agrees not to disclose, publish, disseminate, or use, other than as expressly permitted herein, any such property and will assure that all reasonable efforts are made to prevent any unauthorized use, disclosure, publication or dissemination of such property.

2. All Confidential Information produced by the Disclosing Party to the Receiving Party in whatever form (e.g., documents, materials, things, testimony or other information) during the course of this matter shall be designated "Confidential" or "Confidential-Attorneys' Eyes Only" in accordance with the terms of this Order, infra, prior to disclosure, by use of a reasonably conspicuous and prominent mark. In the case of documents, the mark shall be on every page.

**C. Levels of Confidentiality**

Any information designated as "Confidential" or "Attorneys' Eyes Only" shall be restricted in accordance with the following levels of confidentiality:

1. "Attorneys' Eyes Only" -- Information designated as "Attorneys' Eyes Only" shall be restricted to viewing, or copying by, and disclosure to:

a. Attorneys acting on behalf of the parties in this matter, including in-house counsel for the parties;

b. The office personnel employed by the counsel working under the direct supervision of said counsel;

c. The United States District Court for the Central District of California and all clerks and other personnel in the United States District Court for the Central District of California, before which this action is pending; and

d. Experts and consultants necessarily retained by counsel of record in this litigation, but only if these experts and consultants comply with this agreement in full and read, sign, and agree to be bound by all of its terms.

2. "Confidential" -- Information designated as "Confidential" shall be restricted to viewing, copying by, and disclosure to:

a. All "Attorneys' Eyes Only" persons; and

b. All employees, officers, and directors of each party of record who have a need to know the information to assist counsel in connection with the litigation. It is not necessary that each such person sign this order, provided that the Receiving Party has previously notified all employees, officers, and directors of the existence of this order, its terms, and the consequences of an unauthorized disclosure.

**D. Depositions**

1. Any party may designate testimony on oral deposition as "Confidential" or "Attorneys' Eyes Only". The designation of such testimony shall be made at any point during the deposition by so stating on the record and identifying the level of protection desired.

2. Once testimony has been designated as "Confidential" or "Attorneys' Eyes Only", only the following persons shall be present for the answer:

                **Persons authorized under this Order;**

                **i.      The deponent; and**

                **ii.     The reporter and videographer.**

        3.      Each court reporter and videographer participating in any deposition shall be provided with a copy of this Order and shall adhere to its provisions. Each court reporter must separately bind those portions of deposition transcript and related exhibits deemed confidential and shall further separate into separate bound deposition transcripts–by the various levels of confidentiality–and shall thereon place a reasonably conspicuous and prominent designation on the first page of each such bound transcript or exhibits.

        4.      A deponent and/or party shall have until seven (7) days after receipt of a deposition transcript to designate additional portions of the transcript under this Order.

        5.      Each party shall cause each copy of the transcript in its custody or control or that comes into its custody or control to be immediately marked as designated.

        6.      Prior to the expiration of seven (7) days, a deposition transcript and/or the substance of a deponent's answers may be disclosed only to those persons authorized to receive items designated as "Attorneys' Eyes Only" and the deponent.

**E.     Items Filed with the Court**

If a party or any other person subject to this order wishes to file or lodge with the Court any document that contains or attaches any Confidential Information, or any document that contains, reflects or summarizes Confidential Information, that party or person shall comply with the procedures set forth in Local Rule 79-5.1 of the Local Rules of the United States District Court for the Central District of California [Filing Under Seal - Procedures].

1 **F. Inadvertent Disclosure**

2     1. The inadvertent or unintentional disclosure of "Confidential" or "Attorneys' Eyes Only" information, regardless of whether the item was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of protection under this Order either as to the specific information disclosed therein or on the same or related subject matter, provided that the party later asserting a claim of protection informs the opposing parties of its claim within a reasonable time.

    2. If notified of the inadvertent or unintentional disclosure of Confidential Information as described in the above paragraph, the Receiving Party shall promptly sequester and protect any protected information identified by the Disclosing Party to have been inadvertently or unintentionally disclosed to the Receiving Party upon being notified of the Disclosing Party's claim of protection. If the Receiving Party disclosed the protected information before being notified of the Disclosing Party's claim of protection, it must take reasonable steps to retrieve the item for destruction, sequestering, or return to the Disclosing Party.

**G. Acknowledgment of Order**

Each person required by this Order to sign a statement agreeing to be bound by the Order must sign the statement set forth in Exhibit A to this Order and deliver the executed statement to the Disclosing Party.

**H. Agreement of Parties to Order**

All parties to this action, their counsel, and all other persons subject to this Order shall be bound by this Order and shall abide by all of the terms of this Order until otherwise ordered by the United States District Court for the Central District of California, or by written notice releasing them from the respective obligations received from the pertinent Disclosing Party.

This Protective Order is not intended to govern the use of Confidential Information at any trial of this action. Questions of the protection of Confidential

Information during trial will be presented to the Court and the Designating Party prior to or during trial as each party deems appropriate.

### I.  Continuing Effect of Order

Unless counsel agrees otherwise in writing, within ninety (90) days of the final disposition of this action, whether by final adjudication on the merits, including any appeals, or by other means, the attorneys for the parties shall return promptly to the Disclosing Party from whom they were obtained, all documents, other than attorney work-product, which constitute or include material that has been designated "Confidential" or "Confidential - Attorneys Eyes Only," or destroy same, and return or destroy all copies made thereof, including all documents, or copies provided by a Receiving Party to any other person.  At the conclusion of the 90-day period, counsel for each party shall represent in writing under penalty of perjury that to his or her knowledge and belief the party has either returned or destroyed all Confidential Material in accordance with this order.  Notwithstanding the foregoing, counsel for the parties shall be permitted to retain a file copy of materials created during the course of the litigation, or made part of the record, or which have been filed under seal with the Clerk of the Court and a copy of all depositions, including exhibits, and deposition evaluations.  Such file copies containing Confidential Information must be maintained under the conditions set forth in this order for such designated materials.

### J.  Additional Relief

No party is prevented from seeking relief not provided by this Order, or otherwise seeking relief from the United States District Court for the Central District of California, as may be appropriate to protect its interests or otherwise prepare this matter for trial.

### K.  Challenging Designation of Materials

1.  Any Receiving Party disagreeing with the designation of any document or information as "Confidential" or "Attorneys' Eyes Only" shall notify the Disclosing Party in writing.  The Disclosing Party shall then have a reasonable period, not

exceeding five (5) court days, from the date of receipt of such notice to advise the Receiving Party in writing (1) whether or not the Disclosing Party persists in such designation; and, (2) if the Disclosing Party persists in the designation, to explain the reasons for the particular designation. If the parties are still in disagreement, they shall confer by phone or in person within five (5) court days of the Disclosing Party's written response in an effort to resolve this dispute. If this effort is unsuccessful, the Receiving Party may then initiate the procedure for filing a joint stipulation pursuant to Local Rule 37-2 and moving the Court for an order removing the particular designation and replacing it with a different designation or no designation. The procedure detailed in this paragraph is deemed to comply with the pre-filing conference of counsel process required by Rule 37-1 of the Local Rules of the United States District Court for the Central District of California and Federal Rules Civil Procedure 37(a)(1). Except as otherwise expressly provided herein, the parties shall comply with all other requirements of Local Rules 37-2, 37-3, 37-4, and any subparts thereto and of Federal Rule of Civil Procedure 37 governing discovery motions. The Designating Party who asserts that the document or information is "Confidential" or "Attorneys' Eyes Only" shall have the initial burden of proving that the designation is proper. Information designated "Confidential" or "Attorneys' Eyes Only" by a Disclosing Party shall be treated as such by a Receiving Party unless otherwise agreed to by the parties or otherwise ordered by the Court or by any appellate court, should appellate review be sought.

2. The failure of a Receiving Party to challenge expressly a claim of confidentiality or the designation of any document or information as "Confidential" or "Attorneys' Eyes Only" at the time of disclosure shall not constitute a waiver of the right to assert at any subsequent time that the same is not in fact confidential or not appropriately designated for any reason.

3. Except as set forth in Paragraph 1 above regarding the pre-filing conference of counsel procedure for challenging the designations of any materials

under the Order, Local Rule 37 and Federal Rule of Civil Procedure 37 govern the procedure for resolving any disputes related to this Protective Order. Rule 37(a)(5) of the Federal Rules of Civil Procedure governs the award of fees and costs associated with bringing and/or defending a motion to resolve any dispute related to this Protective Order, including the challenging of a designation.

**L.     Use for This Litigation Only**

1. Items designated under this Order shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action.

2. In the event that any party and/or recipient of Confidential Information pursuant to this Order is served with subpoena, legal process, order, or otherwise requested to disclose any Confidential Information (the "Disclosing Entity") by any person or entity not covered by this Order, including, without limitation, other insurance carriers, state, local or federal agencies, or litigants in other litigation (the "Requesting Entity"), the Disclosing Entity shall give notice thereof, by telephone and facsimile, as soon as practicable but in any event sufficiently prior to the requested disclosure to afford an opportunity to intervene for any party who may be adversely affected by the disclosure except to the extent that such notice is precluded by law. The party asserting the confidential treatment of the Confidential Information shall have the burden of defending against any such subpoena, legal process or order.

**M.     Prior Orders**

This Stipulated Protective Order shall not affect any prior order of the Court.

**N.     Execution and Counterpart**

This Stipulated Protective Order may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures or any party upon the signature page of this Stipulated Protective Order shall be binding upon the parties hereto and may be submitted as though such signatures were original signatures.

### O. Submission to Court

The Parties agree to submit this Protective Order to the Court for adoption as an order of the Court. The Parties reserve the right to seek, upon good cause, modification of this Protective Order by the Court.

**IT IS SO ORDERED.**

Date: June 28, 2011

_____
Honorable Alicia G. Rosenberg
**United States Magistrate Judge**

# **EXHIBIT A**

**UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *Chrome Hearts, LLC v. Sweet People Apparel, Inc. d/b/a Miss Me, et al.* No. CV-10-10055 RJK (AGRx).

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____, 2011

City and State where sworn and signed: _____

Signed: _____  _____
           [Print Name]                [Signature]